IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

VS.                              CASE NO. 2:03-cr-20039-001

NHAN VAN NGUYEN                                   DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Modify and Reduce Sentence filed June 16, 2016. (Doc. 235) The United States filed its response on September 7, 2016. (Doc. 235) Petitioner has not filed a reply. The matter is ready for Report and Recommendation.

### I. Background

On September 24, 2003, Defendant/Petitioner, Nahn Van Nguyen ("Nguyen"), was named in a multi-count Indictment charging him with: conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count One); aiding and abetting in the distribution of more than five grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2 (Counts Two and Three); aiding and abetting in the distribution of more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2 (Count Four); aiding and abetting in the possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2 (Count Five); and, while under indictment for a crime punishable by imprisonment for a term exceeding one year, willfully receiving a firearm, which had been previously shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(n) and 924 (Count Six). (Doc. 28) Nguyen appeared with his retained counsel for arraignment before the Hon. Beverly S.

-1-

Jones, United States Magistrate Judge, on September 29, 2003, at which time he entered a plea of not guilty to the Indictment.  (Doc. 31)

On November 17, 2003, Nguyen appeared with counsel before the Hon. Robert T. Dawson, United States District Judge, for a change of plea hearing.  (Doc. 76)  Pursuant to a written plea agreement, Nguyen pleaded guilty to Count Five of the Indictment, charging him with aiding and abetting in the possession with intent to distribute more than 50 grams of methamphetamine, and to Count Six of the Indictment, charging him with possession of a firearm by a prohibited person. (Docs. 76, 77)

An initial PSR was prepared by the United States Probation Office on December 15, 2003. (Doc. 118)  The PSR determined that Nguyen was accountable for 263.1 grams of actual methamphetamine, and his Base Offense Level was determined to be 34.  (Doc. 118, ¶¶ 21, 24)  A two level enhancement was assessed pursuant to U.S.S.G. § 2D1.1(b)(1) due to Nguyen's possession of a dangerous weapon (firearm).  (Doc. 118, ¶ 25)  After a three level reduction for acceptance of responsibility, Nguyen's Total Offense Level was determined to be 33.  (Doc. 118, ¶¶ 30-31) Nguyen had no criminal history, resulting in a criminal history score of zero, placing him in Criminal History Category I.  (Doc. 118, ¶ 37)  The statutory minimum sentence for the offense of conviction (Count Five) was 10 years imprisonment, and the statutory maximum sentence was 40 years imprisonment.  (Doc. 118, ¶ 46)  Nguyen's guidelines range was 135 to 168 months imprisonment. (Doc. 118, ¶ 47)

On December 30, 2003, the Government advised that it had no objections to the PSR.  (Doc. 118, p. 14)  On January 14, 2004, Nguyen also advised that he had no objections to the PSR.  (*Id.*) A final PSR was submitted to the Court on January 14, 2004.  (Doc. 118)

-2-

Nguyen appeared for sentencing on February 10, 2004.  (Doc. 117)  The Court imposed a below-guidelines sentence of 70 months imprisonment, five years supervised release, a $5,000.00 fine, and a $100.00 special assessment.  (Doc. 117)  Judgment was entered on February 11, 2004. (Doc. 119)  Nguyen did not pursue a direct appeal from the Judgment.

After serving his sentence of 70 months imprisonment and being released, a Petition for Warrant or Summons for Offender under Supervision (Doc. 217) was filed with the Court on October 22, 2010.  The petition alleged that Nguyen's supervision commenced on January 28, 2009, and that he violated the terms and conditions of his supervised release by testing positive for methamphetamine on October 4, 2010, and by being arrested and subsequently charged on October 19, 2010 with conspiring to possess with intent to deliver methamphetamine.  (*Id.*)  Nguyen was arrested on the petition to revoke on October 22, 2010.  (Doc. 220)  Nguyen and his retained counsel appeared for initial appearance on the petition to revoke on May 5, 2011.  (Doc. 222)

Nguyen appeared before the Hon. Robert T. Dawson, United States District Judge, on November 3, 2011 for a revocation hearing.  (Doc. 224)  Nguyen had plead guilty to the underlying law violation, and the Court revoked Nguyen's supervised release and sentenced him to 18 months imprisonment, to run concurrently with the 125 month sentence imposed in Case No. 2:10-CR-20057, with no further supervised release.  (Doc. 226)  Judgment on the supervised release revocation was entered on November 4, 2011.  (Doc. 225)

Nguyen did not pursue an appeal from the sentence imposed in the revocation of his supervised release.  He completed serving his 18 month sentence on February 7, 2012.  (Doc. 243-1)

On June 16, 2016, Nguyen filed his *pro se* Motion to Modify and Reduce Sentence (the "motion").  (Doc. 235)  The motion asserts that "[a] charge for possession of firearm/s was included,

or an enhancement for the present (sic) of a firearm was applied to the main charges," that "the elements of Defendant's offense do not describe inherently dangerous conduct, and Defendant's crime should not qualify as a 'violent felony'," and that Nguyen is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).  (Doc. 235, pp. 1-2)  The motion also cites *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and asserts that the "the 'use' prong punishes only 'active employment of the firearm' and not mere possession." (Doc. 235, p. 2)  Finally, Nguyen claims that "Amendment 2K2.1(b)(2) mentions that a deduction of points should be considered in an offense if the offender possessed all ammunition and firearm(s) for lawful sporting purposes, or collection, and did not unlawfully discharge or otherwise unlawfully use such firearm(s) or ammunition." (Doc. 235, p. 2)  Nguyen seeks a two-level reduction of his sentence based upon such claims.  (*Id.*)

The United States' response to the motion was filed on September 7, 2016.  (Doc. 243)  Nguyen did not file a reply.

## II.  Discussion

"A prisoner *in custody under sentence* . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a) (emphasis added).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such

-4-

a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  A thorough review of the motion and the files and records of this case conclusively shows that Nguyen is not entitled to relief, and the undersigned recommends the denial and dismissal of his motion without an evidentiary hearing.

### A.  Lack of Subject Matter Jurisdiction

The conviction and sentence challenged by Nguyen was entered on February 11, 2004.  (Doc. 119)  The Judgment reflects that Nguyen pleaded guilty to Counts Five and Six of the Indictment, and Nguyen was sentenced to 70 months imprisonment, five years supervised release, a $5,000.00 fine, and a $100.00 special assessment.  (*Id.*)

Having fully served his sentence of imprisonment, Nguyen was released from the Bureau of Prisons on an unknown date and his period of supervision began on January 28, 2009.  (Doc. 217) Nguyen was arrested on October 19, 2010, and a Petition for Warrant or Summons for Offender under Supervision was filed with the Court on October 22, 2010.  (*Id.*)  Satisfaction of all financial obligations imposed was filed on March 24, 2011.  (Doc. 221)  On November 3, 2011, the Court revoked Nguyen's supervised release and sentenced him to 18 months imprisonment, to run concurrently with the 125 month sentence imposed in Case No. 2:10-CR-20057, with no further supervised release.  (Doc. 226)  Judgment on the supervised release revocation was entered on November 4, 2011.  (Doc. 225)  Nguyen did not appeal from the sentence imposed in the revocation of his supervised release.  He completed serving his 18 month sentence on February 7, 2012.  (Doc. 243-1)

Nguyen's sentence under conviction has unconditionally and fully expired.  In *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 4537 (1989), the Supreme Court held that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for purposes of a habeas attack upon it.  *See also Bent v. United States*, 340 F.2d 703, 706 (8th Cir. 1965) (sentences which had long since been served were not subject to collateral attack under § 2255 motion to vacate convictions) (internal citations omitted).

Accordingly, since the federal sentence Nguyen is now attacking has been fully served, relief is not available to him under 28 U.S.C. § 2255 and his motion should be summarily dismissed.

### B. *Johnson* and *Welch* Are Inapplicable

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA.  *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause

-6-

of the ACCA was unconstitutionally vague.  On April 18, 2016, the Supreme Court decided in *Welch*

that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral

review.

Nguyen refers to the definition of a firearm in *Johnson*, the ACCA's definition of a "violent

felony," and *Johnson's* holding that the residual clause of the ACCA is unconstitutionally vague.

(Doc. 235, pp. 1-2)  Nguyen then makes a vague argument that his crime "should not qualify as a

'violent felony'," and that "the residual clause should not apply in [his] case" in light of *Johnson* and

*Welch*.  (Doc. 235, p. 2)  Nguyen fails to explain, however, how his case falls within the scope of

those decisions, and the record before the Court plainly shows that *Johnson* and *Welch* are

inapplicable to his case.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28

U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (citing *Richardson*

*v. United States*, 577 F.2d 447, 452 (8th Cir. 1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61

L.Ed.2d 276 (1979));  *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory

allegations, unsupported by any specifics, are subject to summary dismissal).

A review of Nguyen's PSR (Doc. 118) shows that his advisory guidelines range did not

include an enhancement under either the unconstitutional residual clause of the ACCA or the

identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2).

Instead, Nguyen's advisory guidelines calculation was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1)

because two firearms, a loaded Ruger 9mm pistol and a Ruger .22 caliber rifle, were found in his

residence along with ten heat-sealed bags that contained approximately 365.4 grams of crystal meth,

another plastic bag containing 25.6 grams of crystal meth, two digital scales, and other drugs and

-7-

drug paraphernalia. (Doc. 118, ¶¶ 19-21) Nguyen made no objections to the facts contained in paragraphs 19 to 21 of the PSR, nor did he object to the two level enhancement under U.S.S.G. § 2D1.1(b)(1). Further, he made no argument that he possessed the firearms for lawful sporting purposes or collection. "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *See United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)).

Unlike the ACCA at issue in *Johnson*, which involves whether a defendant's prior convictions are "violent felonies," the two-level specific offense characteristic enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) concerns whether "a dangerous weapon (including a firearm) was possessed." The enhancement "reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1(b)(1), Application Note 11.

To prove that the firearm was "possessed," the Government need not prove ownership of either the weapon or the premises on which it is found for a § 2D1.1(b)(1) enhancement to apply. *See United States v. Payne,* 81 F.3d 759, 762 (8th Cir.1996); *see also United States v. Weaver,* 906 F.2d 359, 360 (8th Cir.1990). Also, "[i]t is not necessary that an individual be observed using the weapon, and either actual or constructive possession is sufficient, i.e., the individual must have exercised 'ownership, dominion, or control' either over the firearm or the premises on which it is found." *Payne,* 81 F.3d at 762. By not objecting to the facts set forth in the PSR regarding the firearm, Nguyen admitted that the firearms, which were found in his residence with a large quantity of methamphetamine and drug trafficking paraphernalia, were in his legal possession.

Nguyen makes no specific argument regarding the § 2D1.1(b)(1) enhancement, only that "the elements of [his] offense do not describe inherently dangerous conduct, and [his] crime should not

qualify as a 'violent felony'" in the wake of *Johnson*.  (Doc. 235, p. 2)  His argument has nothing to do with the propriety of the §2D1.1(b)(1) enhancement or the rule announced in *Johnson*, and the undersigned must conclude that *Johnson* is inapplicable to the instant case.

There is, therefore, no basis upon which Nguyen could seek to benefit from the Supreme Court's rulings in *Johnson* and *Welch*, and this claim affords him no relief.

### C.  Procedural Default

Whether U.S.S.G. § 2D1.1(c)(2) applies is a matter for direct appeal and not for collateral review.  Nguyen has procedurally defaulted his claim on this point.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (internal citations omitted).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984).  Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'"  *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted).  "[T]he concern with finality served by the limitation on collateral attack has

-9-

special force with respect to convictions based on guilty pleas." *Id*.

Nguyen did not pursue a direct appeal. By failing to do so, Nguyen procedurally defaulted the claim he now raises.

Procedural default may be excused only if a petitioner "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991).

Nguyen makes no such showing here. He fails to demonstrate how the factual or legal basis for his claim was not reasonably available to him in time to pursue relief on direct appeal. Further, there is no assertion by Nguyen that some interference by government officials, or some external impediment, prevented him from raising his claim on direct appeal.

Since Nguyen has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)). Even so, Nguyen has presented absolutely no new, reliable evidence to support a challenge to the voluntary and intelligent nature of his guilty plea. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Nguyen has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the sentencing claim he now asserts, and his § 2255 Motion should be dismissed.

### D.  Reliance on *Bailey* is Misplaced

Nguyen also cites *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and asserts that the "the 'use' prong punishes only 'active employment of the firearm' and not mere possession."  (Doc. 235, p. 2)  His argument is misplaced, as three years after *Bailey* was decided, and in a direct response to *Bailey*, Congress amended 18 U.S.C. § 924(c) and added the word "possesses" to the principal paragraph.  *See United States v. O'Brien*, 560 U.S. 218, 232, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010).

### E.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief."  *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  Such are the circumstances in this case where Nguyen has alleged virtually no facts to support his claims.  Accordingly, the undersigned recommends the summary dismissal of Nguyen's § 2255 Motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Nguyen's claims are unsupported by the record in this case.  I recommend that Nguyen's motion (Doc. 235) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

-11-

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 9th day of January, 2017.

/s/ Mark E. Ford

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE